GYPSUM PACKET CO. v. HORTON.

(District Court, S. D. New York. June 6, 1895.)

PILOTS—UNKNOWN OBSTRUCTION—FAILURE OF PROOF.

The keel of the G. P. while being towed through the middle channel in Hell Gate rubbed some object unknown. Subsequent examination of the bottom showed no obstruction in the location where the libelant's evidence placed the course of the G. P. *Held*, that the evidence failed to show any negligence or lack of nautical skill in the pilot, and the libel was dismissed without costs.

This was a libel by the Gypsum Packet Company against George W. Horton to recover damages occasioned to the keel of the schooner Gypsum Princess by striking some object in Hell Gate while under pilotage of the respondent.

Wing, Putnam & Burlingham, for libelant.

George A. Black, for respondent.

BROWN, District Judge.　The libel was filed to recover damages for the alleged negligence of the respondent as pilot on board the schooner Gypsum Princess, in causing her to strike the bottom and injure her keel while going down middle channel in Hell Gate in the ebb tide, at about quarter past 6 of July 3, 1894, while in tow of the tug W. J. Kennedy, on a hawser of 75 fathoms. The tide was about two-thirds ebb.

The draft of the schooner was 19 feet, 6 inches. The chart shows a reasonable channel-way of 19 feet depth at low water. At the time when the schooner went through this channel, there should have been, considering the wind, weather, and the tide, at least 2 feet in addition, or 18 inches more than the draft of the schooner. The schooner rubbed upon something so as to be plainly felt by all on board, but her way was not checked. A subsequent resurvey, made under government inspection, two or three weeks afterwards, showed nothing with which the schooner should have come in contact. The respondent is unable to give any other explanation than that there was some temporary obstruction as from portions of sunken wrecks, which are frequently in that vicinity and are carried off in the changes of the tide.

A pilot is in no sense an insurer. His contract of pilotage imports only acquaintance with the channel in its ordinary condition, and nautical skill in avoiding all known obstructions. Had the schooner in this case been shown to have struck any known obstruction, or to have been in an improper part of the channel-way, the case against the respondent might be considered sufficiently made out. But the libelant's testimony here fails to show anything of that kind. What was struck or rubbed is not known; not only is there no evidence, presumptive or otherwise, that it was the bottom, or any known obstruction that was struck, but the evidence indicates the contrary. For the only points that are indicated upon the government chart, or in the resurvey, where any contact could have been had with the natural bottom are much nearer to Mill Rock than any of the libelant's witnesses place the course of this

vessel. In other words, there is an entire failure of proof to show that the schooner .was in any improper part of the channel, or to show with what objects the vessel came in contact, or where such objects were, or that there were any known obstructions, or dangers, in the course actually taken by the vessel.

For these reasons, I must find that the burden of proof incumbent on the libelant in such a case as this, is not sustained, and that the libel should, therefore, be dismissed, but without costs.